UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRIST DIVISION

| | | |
|---|---|---|
| **RENEE RAMOS, and all others similarly situated under 29 U.S.C. § 216(b),** **Plaintiff,** v. **EXXIZZ FOODS, INC. d/b/a ROCKPORT DONUTS and MATTHEW OTERO and SOPHEAK OTERO** **Defendants** | § § § § § § § § § § § § § § | **Cause No.** |

**ORIGINAL COMPLAINT UNDER 29 U.S.C. §§ 201-216**
**OVERTIME AND MINIMUM WAGE VIOLATIONS**

Plaintiff **RENEE RAMOS**, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Original Complaint against Defendants **EXXIZZ FOODS, INC. d/b/a ROCKPORT DONUTS, MATTHEW OTERO** and **SOPHEAK OTERO**, and alleges:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216.

2. Plaintiff was a resident of Aransas County, Texas at the time the dispute arose.

3. Defendant EXXIZZ FOODS, INC. d/b/a ROCKPORT DONUTS (hereinafter, "Exxizz") is a corporation that regularly transacts business within the Southern District of Texas. Upon information and belief, Exxizz was one of the Plaintiff's joint FLSA employers for Plaintiff's respective period of employment (hereinafter, "the relevant time period.")

4. Defendant **MATTHEW OTERO** is the business manager and owner of Exxizz who runs the day-to-day operations of the front-end of the doughnut shop, where the doughnuts are sold and the seating area.  Matthew Otero would hire employees, including the plaintiff, assign work schedules to Plaintiff and other similarly situated employees, and assign and oversee tasks during the day, although he sometimes shared these responsibilities with his wife, Sopheak Otero.  Generally, Sopheak Otero runs the night shift and Matthew Otero runs the morning shift.  Matthew Otero hired Renee Ramos, was responsible for paying his wages during the relevant time period, and controlled Plaintiff's work and schedule, therefore making him Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5. Defendant **SOPHEAK OTERO** is the manager and owner of Exxizz who manages the kitchens making the doughnuts every morning beginning at about 2:00 a.m.  Sopheak Otero was involved in assigning Plaintiff his work schedule and weekly salary, and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

6. Acts or omissions giving rise to this dispute took place in the Southern District of Texas.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States.  This case is brought as a collective action under 29 U.S.C. § 216(b).  It is believed that the Defendants have employed other similarly situated employees like the Plaintiff who have not been paid minimum wages or overtime for the work performed in excess of 40 hours weekly from the filing of this complaint back at least three years.  These similarly situated employees are other hourly employees of the Defendants, including cashiers, servers,

dishwashers, and cooks, who were paid lump sum payments regardless of the actual number of hours worked per week. These lump sum payments resulted in either or both minimum wage violations and a failure to pay proper overtime premiums to these employees similar to the violations suffered by Plaintiffs as set out below.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207(a)(1) states, in pertinent part, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Plaintiff worked for Defendants as a dishwasher and server for over three years, from 2012 to 2016 and from October 2017 to January 2018. Plaintiff performed these activities at ROCKPORT DONUTS located at Rockport, Texas. Plaintiff has seen a few other similarly situated workers, including Sophy Treadway and William Richardson, during the same period that he worked there.

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendants' business affected interstate commerce for the relevant time period because the materials and goods that Plaintiff and other employees handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiffs and other employees by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to the employees' use of the same. Examples of the goods and materials regularly and routinely handled and/or used by

Plaintiff and other employees of the Defendants many of which discovery will show travelled through interstate commerce are listed below in paragraph 13.

12. Upon information and belief, the Defendant Corporations had gross sales or business done in excess of $500,000 annually for the years 2016, 2017 and 2018.

13. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' businesses an enterprise covered under the Fair Labor Standards Act.  For example, Plaintiff and other employees of the Defendants regularly and routinely handled a variety of goods and materials many of which discoveries will show travelled through interstate commerce, including but not limited to sugar, Hershey's Milk Chocolate Chips; Andes Mint Chips; Hershey's Butterscotch Chips; Reese's Peanut Butter Chips; Macadamia Nuts; Heath English Toffee Bars; and M&Ms.  See attached **Exhibit "1."**

14. From on or about January 1, 2012 through on or about June 30, 2016, Plaintiff RENEE RAMOS worked nine (9) hours per day, seven (7) days per week, without breaks, for an average 63 hours per week.  He was paid fixed weekly wages of $290.00 per week or $580.00 for two weeks.  He was paid in cash from 2012 to 2016 and never required to clock in or out.  In 2017 and 2018, the Plaintiff was paid by check, but still not required to clock in or out.  As such, he was willfully paid below the minimum wage and without time-and-a-half overtime for time over forty (40) hours per week.  In effect, Plaintiff received an hourly rate of $4.60 per hour and was not paid the extra time and a half rate for any overtime

hours worked above 40 hours as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate, based on the applicable Federal Minimum Wage rate of $7.25 per hour, for each overtime hour worked.

15. Additionally, Defendants withheld portions of Plaintiff's final paycheck in retaliation for Plaintiff leaving to other employment, despite Plaintiff completing a full two-week pay period.

16. Defendants willfully and intentionally avoided paying Plaintiffs' overtime wages as required by the Fair Labor Standards Act. Defendants either failed to keep any records or fabricated materially false payroll records, failing to maintain any records of overtime worked by Plaintiff RENEE RAMOS. Defendants did not pay Plaintiff for any of his time worked over 40 hours per week. Defendant paid Plaintiff with cash on or before 2016, and did not provide Plaintiff with any documentation or paycheck stubs. In 2017 and 2018, Defendants paid Plaintiff with paychecks that did not reflect any of the hours that Plaintiff worked over 40 hours per week.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from Defendants, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

**COUNT II. FEDERAL MINIMUM WAGE VIOLATION**

COMES NOW PLAINTIFF RENEE RAMOS, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. 29 U.S.C. § 206(a)(1) states, in pertinent part, "..an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

18. From on or about May 1, 2016 through on or about June 30, 2016, and between October 1, 2017 and January 31, 2018, Plaintiff worked between 7 a.m. until 4:00 p.m., 7 days a week, for an average of 63 hours per week for the Defendants. Plaintiff was paid a lump sum salary resulting in an average hourly rate of $4.60 per hour for said work in violation of the Fair Labor Standards Act as said payment of $4.60 per hour did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between his average hourly rate of $4.60 per hour and the applicable minimum wage of rate of $7.25 per hour for all hours worked.

19. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendant failed to maintain employment records and/or fabricated materially false employment records, failing to maintain an accurate and complete record of the number of hours of Plaintiff. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

**COUNT III:  FAILURE TO KEEP OR KEEPING FALSE PAYROLL RECORDS**

COME NOW PLAINTIFF, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-19 above and further state:

20. Defendant either failed to keep or fabricated materially false payroll records or employment records for Plaintiff for his employment prior to June 30, 2016. Defendants did not submit any documents related to their employment or payment of Plaintiff to any government agency for his employment prior to June 30, 2016. Defendant's failure to keep and maintain these records was a willful violation of the FLSA.

21. Failure to maintain a record indicating the hours worked each workday, the total hours worked each week, and the employee's pay rate is a violation of the FLSA.  29 U.S.C. § 211(c).

22. Knowingly making a materially false record or report of hours, wages, or other information required to be maintained under 29 U.S.C. § 211(c) is a violation of the FLSA.  29 U.S.C. § 215(a)(5).

Wherefore, Plaintiff requests separate awards of damages to Plaintiff independent of any overtime pay or minimum wage claims and reasonable attorney fees from the Defendants

pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all minimum wages and overtime still owing from Plaintiff's entire employment period with Defendants, even though the result might only be approximate, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury*.

Date:   May 6, 2019.

Respectfully submitted,
By: /s/ Byron Hamilton
Xenos Yuen
Email: xy@yuenlawoffice.com
Texas Bar No.: 22232550
Email: litxy@yuenlawoffice.com
Byron Hamilton
Email litbh@yuenlawoffice.com
Texas Bar No.: 00787633

**SIEGEL YUEN & HONORÉ, P.L.L.C.**
6100 Corporate Dr. Ste. 580
Houston, Texas 77036
Tel: (713) 541-6256
Fax: (713) 541-9409