United States District Court
Southern District of Texas
**ENTERED**
June 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RENEE RAMOS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-132 |
| | § | |
| EXXIZZ FOODS, INC.; dba ROCKPORT | § | |
| DONUTS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

This case, filed on May 6, 2019, concerns whether Plaintiffs were properly compensated under the Fair Labor Standards Act ("FLSA"). (D.E. 1). Pending is Defendants Exxizz Foods Inc. d/b/a Rocket Donuts ("Exxizz"), Matthew Otero and Sopheak Otero's Motion for Partial Summary Judgment asserting the relevant statute of limitations bars Plaintiff Charles Lybarger's claims and limits those of Plaintiff Sophy Treadway. (D.E. 70). Plaintiffs have filed a response to which Defendants replied. (D.E. 75 and D.E. 76). For the reasons stated below, the undersigned recommends Defendants' Motion be **GRANTED**. (D.E. 70).

## I.    JURISDICTION

The Court has federal question jurisdiction over this FLSA action pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636. (D.E. 6).

## II.    BACKGROUND

Exxizz operates as Rockport Donuts in Rockport, Texas.  Originally, there were two separate cases where former employees alleged Defendants violated the FLSA by failing to pay the federal mandated minimum wage and proper overtime compensation.[1]   The first case was filed on August 30, 2018 by Plaintiff Sophy Treadway.  (Case No. 18-cv-259, D.E. 1).  All claims against Sopheak Otero and Matthew Otero were dismissed by the Court on December 27, 2018 and again upon reconsideration on February 21, 2019, with the Court noting Plaintiffs had a consistent "pattern of failing to prosecute this case in a timely manner."  (Case No. 18-cv-259, D.E. 21 and D.E. 31).  Plaintiff Treadway later sought to conditionally certify the first case but conditional certification was denied on April 9, 2019.  (Case No. 18-cv-259, D.E. 68).  The second case was filed less than a month later, on May 6, 2019, by Plaintiff Renee Ramos.  (Case No. 19-cv-132, D.E. 1).   The next month, on June 13, 2019, Plaintiff Treadway filed an amended complaint in the first case adding Charles Lybarger, Jr. as a plaintiff as well as a Motion to Reconsider the denial of conditional certification.   (Case No. 18-cv-259, D.E. 82 and D.E. 83).  The Motion to Reconsider was later denied on October 10, 2019.   (Case No. 18-cv-259, D.E. 119).  However, the second case was conditionally certified shortly thereafter on November 1, 2019 and included all former or current Exxizz employees who worked more than 40 hours per week and/or were not paid a minimum wage during the past three years.  (Case No. 19-cv-132, D.E. 35 and D.E. 41).   On January 29, 2020, the undersigned entered a Memorandum and Recommendation ("M & R") recommending Plaintiffs' claims in the first

---

[1]Counsel are the same in both cases.  Additionally, there is a third, non-FLSA action where Plaintiff Treadway asserts human trafficking allegations.  (Case No. 19-cv-244).

case be subjected to a two-year statute of limitations as Plaintiffs failed to demonstrate willfulness.  (Case No. 18-cv-259, D.E. 133).  On February 14, 2020, the day the opt-in period expired in the second case, both Plaintiff Treadway and Plaintiff Lybarger filed consent forms to join the second case.  (Case No. 19-cv-132, D.E. 41; D.E. 57 and D.E. 58). No other opt-in plaintiffs joined the second action.  Shortly thereafter, on February 18, 2020, the Court adopted the undersigned's January 29, 2020 M & R.[2] (Case No. 18-cv-259, D.E. 134).

Less than a month before the April 13, 2020 trial in the first case, on March 16, 2020, Plaintiffs Treadway and Lybarger moved to voluntarily dismiss the first case without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure because they had joined the class in the second case.  (Case No. 18-cv-259, D.E. 135).  When it became apparent the parties could not reach an agreement regarding the dismissal, the first case was reset for trial on May 18, 2020.  (Case No. 18-cv-259, D.E. 141 and D.E. 142).  On March 31, 2020, the undersigned recommended the Court deny Plaintiffs' Motion to Dismiss because it appeared Plaintiffs were attempting to circumvent previous adverse rulings in the first case by joining the later filed case, specifically the dismissal of their claims against the Oteros personally as well as the limited statute of limitations.  (Case No. 18-cv-259, D.E. 144).[3]  Therefore, the undersigned recommended Plaintiffs' Motion be denied and the first

---

[2]Plaintiffs did not file any objections to the January 29, 2020 M & R.  (Case No. 18-cv-259, D.E. 133 and D.E. 134).  However, Plaintiffs did file a response to the Motion itself.  (Case No. 18-cv-259, D.E. 123).

[3]The undersigned further noted that Plaintiffs filed their motion to voluntarily dismiss the first case less than a month before the scheduled trial, well after both the discovery and dispositive motion deadlines had expired and an unsuccessful mediation had taken place.  (Case No. 18-cv-259, D.E. 144, Page 5).  The undersigned also observed that a review of the Court's docket clearly

case proceed to trial.   (Case No. 18-cv-259, D.E. 144, Page 6).   Alternatively, the undersigned recommended the Court grant the Motion to Voluntarily Dismiss subject to conditions to cure the clear legal prejudice as proposed by Defendants.   (Case No. 18-cv-259, D.E. 144, Page 7).   Specifically, the undersigned recommended limitations as to Plaintiffs Treadway and Lybarger's claims in the second case be limited to two years as previously determined.   (Case No. 18-cv-259, D.E. 144, Page 7).[4]   On April 3, 2020, Plaintiffs' Treadway and Lybarger stated they accepted the curative conditions set forth in the March 31, 2020 M & R and asked the Court to grant their Motion to Voluntarily Dismiss subject to those conditions.   (Case No. 18-cv-259, D.E. 145).   Shortly thereafter, on April 23, 2020, the Court adopted the M & R, dismissing the first case without prejudice pursuant to Federal Rule of Civil Procedure 41, finding Plaintiffs Treadway and Lybarger's claims in the second case would be subjected to a two-year statute of limitations as previously determined.   (Case No. 18-cv-259, D.E. 146).[5]   A final judgment was entered on April 24, 2020.   (Case No. 18-cv-259, D.E. 147).

Less than a week later, on April 30, 2020, Defendants filed the pending Motion for Partial Summary Judgment in the second case.   (Case No. 19-cv-132, D.E. 70).   Defendants

---

demonstrated the parties had continuously engaged in extensive discovery requiring frequent Court assistance, including multiple hearings as well as the resolution of several discovery dispute motions and the issuing of an order imposing sanctions.  (D.E. 18-cv-259, D.E. 144, page 5).  The Court also resolved several dispositive motions.  (D.E. 18-cv-259, D.E. 21 and D.E. 134).

[4]The undersigned also recommended neither Sopheak or Matthew Otero be subjected to personal liability as to Plaintiffs Treadway or Lybarger's claims in the second case as previously determined by this Court, discovery completed not be redone, all current defenses against Plaintiffs Treadway and Lybarger's claims be permitted in the second case and the costs of the first action be carried to the second.  (Case No. 18-cv-259, D.E. 144, Page 7).

[5]The Court also adopted the other conditions listed in the M & R as described above.  (Case No. 18-cv-259, D.E. 146).

4 / 10

assert that as Plaintiffs Treadway and Lybarger voluntarily dismissed the first case, the statute of limitations runs from the date they consented to join the second case and, accordingly, Plaintiff Lybarger's claims should be summarily dismissed and Plaintiff Treadway's claims should be limited given the two-year statute of limitations.

## III.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp*., 278 F.3d 448, 451 (5th Cir. 2002).

The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id*. Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56; *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (stating that courts cannot consider hearsay evidence in

affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248.  The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998).  "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451.

## IV.   ANALYSIS

It is well established that "[i]f a plaintiff voluntarily dismisses an action without prejudice, it is considered that the suit had never been filed." *Ford v. Sharp*, 758 F.2d 1018, 1023-24 (5th Cir. 1985) ("For the purposes of the statute of limitations, the plaintiff receives no credit or tolling for the time that elapsed during the pendency of the original suit.") (citations omitted); *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013) ("[T]he effect of a Rule 41(a)(1) dismissal is to put the plaintiff in a legal position as if he had never brought the first suit [and therefore] the plaintiff is free to return to the dismissing court or other courts at a later date with the same claim.") (citation omitted).   Additionally, in an FLSA collective action, the statute of limitations for an opt-in plaintiff runs from the opt-in date while the statute of limitations for a named plaintiff runs from the date that plaintiff files the complaint. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916-17 (5th Cir. 2008) (citation omitted); *Reyes v. Quality Logging, Inc.*, No. 5:14-cv-21, 2017 WL 10646615, at *4 (S.D. Tex. Mar. 31, 2017) (Same) (citation omitted).

Therefore, the first case voluntarily dismissed by Plaintiffs Treadway and Lybarger did not toll the relevant limitations period.[6]   As both filed their consents and opted-in to join the second case on February 14, 2020, only claims after February 14, 2018 are within the two-year statute of limitations.   According to his own affidavit, Plaintiff Lybarger worked at the donut shop from 2016 to 2017 and therefore, none of his claims are within the statute of limitations.   (Case No. 2:19-cv-132, D.E. 70-1, Pages 2-3).   Plaintiff Treadway averred she

---

[6]Plaintiffs argue *Ford* supports their position because the Court ultimately determined time should be calculated backwards from the time the original complaint was filed.   However, the *Ford* Court made this decision because the dismissal at issue was involuntary and without notice, which is clearly not the case here.   *Ford*, 758 F.2d at 1024.   The same is true of the additional cases cited by Plaintiffs as none involve plaintiffs voluntarily dismissing their cases.   (D.E. 75, Pages 5-8).

worked at the donut shop from August 10, 2015 to August 10, 2018 and therefore, her claims are limited to February 14, 2018 through August 20, 2018.  (D.E. 2:19-cv-132, D.E. 70-1, Pages 4-5).

The established law as set forth above is neither new nor unclear.  Both Plaintiffs were aware of their rights and nothing prevented them from proceeding to trial in the first action or joining the second case at an earlier date.  They instead fully litigated the first case almost up to the trial date, making the strategic choice to join the second action on the last day of the opt-in period after no other employees joined the case.  These same Plaintiffs then sought to voluntarily dismiss their first complaint less than a month before the scheduled trial, despite the clear legal prejudice to the opposing party.  Defendant proposed curative conditions, as set forth in the undersigned's M & R as described above, which Plaintiffs Lybarger and Treadway unconditionally accepted rather than opting to proceed to trial or proposing alternative conditions.  This was another strategic decision which consequently constrained the relevant limitations period for their claims in the second case.

Additionally, regardless of whether the first case was dismissed with or without a curative condition regarding the statute of limitations, the result would be the same.  The law is clear that the statute of limitations would run from the date both Plaintiffs opted-in to the second case if they chose to voluntarily dismiss their first case.  This Court has already determined Defendant's actions were not willful during the time period at issue related to these two Plaintiffs.  Therefore, if a curative condition had not been imposed and Plaintiffs' motion to voluntarily dismiss had simply been granted, Defendant would have filed the same motion for partial summary judgment in the second case as it did in the first seeking

again to limit the statute of limitations to two years.  As the facts and evidence are identical, the Court would clearly reach the same conclusion and Plaintiff Lybarger's claims would be time barred and Plaintiff Treadway's claims would be limited.  The curative condition here just made the process more efficient by not having the parties re-litigate, and the Court decide, the same issue.

## V.    CONCLUSION

For the reasons stated above, the undersigned recommends Defendants' Motion be **GRANTED** summarily dismissing Plaintiff Lybarger's claims and limiting Plaintiff Treadway's claims accordingly as there is no question of material fact.  (D.E. 70).

ORDERED this 16th day of June, 2020.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).