Case 2:19-cv-00132   Document 94   Filed on 07/29/20 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
July 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RENEE RAMOS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-132 |
| § | |
| EXXIZZ FOODS, INC.; dba ROCKPORT § | |
| DONUTS, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

This case, filed on May 6, 2019, concerns whether Plaintiffs were properly compensated under the Fair Labor Standards Act ("FLSA"). (D.E. 1). Pending is Defendant Cathy Karowski's Motion for Partial Summary Judgment seeking the dismissal of all claims against her. (D.E. 46). Plaintiffs have filed a response to which Defendant has replied. (D.E. 87 and D.E. 93). For the reasons stated below, the undersigned recommends Defendant Karowski's Motion be **GRANTED**. (D.E. 46).

### I.   JURISDICTION

The Court has federal question jurisdiction over this FLSA action pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636. (D.E. 6).

### II.   BACKGROUND

Defendant Exxizz Foods, Inc. ("Exxizz") operates as Rockport Donuts in Rockport, Texas. Former employees of Rockport Donuts allege Defendants violated the FLSA by

failing to pay the federal mandated minimum wage and proper overtime compensation. Plaintiffs further allege Defendant Karowski is a joint employer pursuant to the FLSA, along with Defendants Matthew and Sopheak Otero. (D.E. 38, Pages 2-4 and 8-10). There is no dispute that Defendant Karowski owns 2.5% of Defendant Exxizz and that she worked as a part-time bookkeeper for the business. However, in her pending Motion for Partial Summary Judgment, Defendant Karowski alleges she is not a joint employer and therefore, all claims against her should be summarily dismissed. (D.E. 46).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp*., 278 F.3d 448, 451 (5th Cir. 2002).

The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id*. Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56; *see also Cormier v. Pennzoil*

*Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). "After the nonmovant has been

given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451.

## IV.   JOINT EMPLOYER

In order to establish a claim for overtime and/or unpaid wages under the FLSA, one of the elements Plaintiffs must establish as part of their *prima facie* case is an employer-employee relationship during the unpaid periods claimed. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019). Defendant Karowski argues Plaintiffs have failed to prove they were "employed" by her.

"Employer" is defined by the FLSA to mean "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *Lee v. Coahoma Cnty.*, 937 F.2d 220, 226 (5th Cir. 1991). Interpreted expansively, the "term employer includes individuals with managerial responsibilities and 'substantial control over the terms and conditions of the [employee's] work.'" *Id*. at 226 (citation omitted). While "merely being an officer or shareholder" will not subject an individual to FLSA liability, "employer status may be appropriate where operational control coincides with one's position as a shareholder, officer, or owner." *Gray v. Powers*, 673 F.3d 352, 355-56 (5th Cir. 2012).

The Fifth Circuit uses the economic realities test to evaluate whether a person possesses such operational control with respect to the employment relationship. *Id*. at 355-57. The Court should consider whether the alleged employer: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4)

maintained employment records. *Id*. at 355 (citation omitted). Where there may be more than one employer, courts "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Id*. at 355 (citation omitted). "While each element need not be present in every case," the person must have control over at least some aspects of the employment relationship as "finding employer status when none of the factors is present would make the test meaningless." *Gray*, 673 F.3d at 357 ("While the Fifth Circuit 'has on several occasions found employment status even though the defendant-employer had no control over certain aspects of the relationship,' it does not follow that someone who does not control any aspect of the employment relationship is an employer.") (citation omitted).

## V. ANALYSIS[1]

Defendant Karowski asserts she did not possess the power to hire or fire employees, did not control or supervise employees or their work schedules, did not determine the rate and method of payment for any employees and did not maintain employment records, citing to her own testimony and affidavit as well as the testimony and affidavits of Plaintiff Sophy Treadway and Defendants Matthew and Sopheak Otero. (D.E. 46). In short, she contends none of the four factors of the economic reality test weigh in favor of her being Plaintiffs' employer. *Gray*, 673 F.3d at 355 (citation omitted). While Plaintiffs submit a variety of arguments in their response alleging Defendant Karowski met several of these factors, Plaintiffs fail to support the majority of these arguments with any evidentiary support. As

---

[1] Defendant Karowski argues in both her Motion and Reply that Plaintiffs' counsel admitted in her first deposition that she had "nothing to do with this." (D.E. 46, Page 2 and D.E. 93, Page 1). However, a review of the surrounding questions and deposition testimony demonstrates Plaintiffs' counsel was referring to the pending human trafficking action (Case No. 2:19-cv-244), not Defendant Karowski's status as a joint employer. (D.E. 87-5, Pages 48-49).

discussed below, Defendant Karowski arguably maintained employment records. However, all of the remaining factors of the economic test weigh against her being an employer. Therefore, for the reasons stated below, the undersigned recommends Defendant Karowski is not a joint employer under the FLSA.

### A. Power to Hire and Fire Employees

Plaintiffs allege Defendant Karowski was "instrumentally responsible" for the termination of Plaintiff Treadway because she determined while conducting an audit, reviewing sales records and surveillance videos, that Plaintiff Treadway had allegedly embezzled approximately $67,000 from the donut shop and informed Defendants Sopheak and Matthew Otero, who then initiated criminal prosecution and termination. (D.E. 87, Pages 5 and 6 and D.E. 87-6, Pages 16-18 and 20). While Plaintiffs allege this clearly demonstrates Defendant Karowski "was involved in the process of firing" Plaintiff Treadway, the supporting evidence cited does not show Defendant Karowski herself had the power to hire and fire any employees or that she fired Defendant Treadway. (D.E. 87, Pages 14-16). Rather, the evidence establishes only the Otero defendants had this power. Defendant Karowski testified she did not hire or fire any employees and also submitted an affidavit averring the same. (D.E. 46-1, Page 15 and D.E. 46-2, Page 3).[2] Defendant Treadway averred in her March 12, 2019 affidavit, "The owners Matthew Otero and

---

[2] Plaintiffs assert Defendant Karowski "perjured herself by denying she was the director of [Exxizz]" during her deposition when she is listed on filings with the State of Texas as such. (D.E. 87, Page 2; D.E. 87-1; D.E. 87-2; and D.E. 87-6, Page 5). Therefore, Plaintiffs assert "her testimony about her other denials or distancing herself from the involvement of the company duties are to be taken with a 'grain of salt.'" (D.E. 87, Page 2). However, Defendant Karowski's affidavit does not contradict her deposition testimony and the undersigned declines to consider her credibility at this stage in accordance with the summary judgment standard as discussed above.

Sopheak Otero always do the hiring and firing of all workers there, schedule their work and supervise their employees." (D.E. 46-3, Page 3). No mention is made of Defendant Karowski. (D.E. 46-3). Further, in her December 3, 2019 deposition, Plaintiff Treadway testified she did not see Defendant Karowski at the shop very often and, when directly asked who did the hiring and firing at the donut shop, she responded, "The two owners," specifically Defendants Sopheak and Matthew Otero. (D.E. 46-4, Pages 4-5). Additionally, Defendant Matthew Otero testified at his October 3, 2019 deposition that his wife, Defendant Sopheak Otero, "hires and fires." (D.E. 46-5, Page 3). At her May 29, 2019 deposition, Plaintiff Sopheak Otero testified only she hired and fired employees. (D.E. 46-6, Page 4). In short, there is no evidence in the record that Defendant Karowski hired or fired any employees.

### B. Supervise and Control Employee Work Schedules or Conditions of Employment and Determine the Rate and Method of Payment

Defendant Karowski asserts she did not supervise or control employee work schedules or other conditions of employment and also that she did not determine their rate and method of payment. Plaintiffs counter that Defendant Karowski was an owner and director who, as the bookkeeper, knew the amounts being paid to employees and whether they were appropriate, forwarded the hours of employees from either the ShopKeep or QuickBook systems to Exxizz's accountant who would then generate paychecks, calculated and submitted payroll tax reports and payments, and implemented a system that permitted the Otero defendants to avoid paying overtime to their employees. (D.E. 87, Pages 2-4 and 12-14). However, the evidence cited does not support Plaintiffs' suppositions and further does not establish Defendant Karowski satisfies either of these factors. (D.E. 87-4, Pages 6-

7 / 11

7 and D.E. 87-6, Pages 6, 9-11, 13, and 22). Rather, Defendant Karwoski testified at her October 4, 2019 deposition that Defendant Sopheak Otero paid employees and was responsible for scheduling employees and setting their job duties and Defendants Sopheak and Matthew Otero set the pay rates for each employee. (D.E. 46-1, Pages 9, 16, 17 and 20). She also testified she had no interaction with the employees. (D.E. 87-5, Page 23). She further submitted an affidavit where she stated she had no involvement in determining any employee's compensation, never paid any employee and did not work at the donut shop other than a few times where she assisted Defendant Sopheak Otero in making sandwiches for a large order. (D.E. 46-2). At her June 3, 2020 deposition, Defendant Karowski testified she never helped with or calculated payroll at Exxizz and never saw employee hours. (D.E. 87-6, Pages 9-10, 21 and 27). In her March 12, 2019 affidavit, Plaintiff Treadway averred Defendants Sopheak and Matthew Otero "always do the hiring and firing of all workers there, schedule their work and supervise their employees…The owners, Matthew Otero and Sopheak Otero, were always there at the shop." (D.E. 46-3, Page 3). She further averred Defendants Sopheak and Matthew Otero supervised all employees. (D.E. 46-3, Page 3). Again, there is no mention of Defendant Karowski. (D.E. 46-3). Additionally, in her December 3, 2019 deposition, Plaintiff Treadway testified Defendant Karowski was not in the donut shop very often and when she was it was usually to pick up donuts or cakes. (D.E. 46-4, Pages 3-5). She further testified she did not see Defendant Karowski supervise other employees, Defendant Karowski did not schedule people to work, and she did not know if Defendant Karowski ever set the pay for employees. (D.E. 46-4, Pages 5-6). Defendant Sopheak Otero testified at her May 29, 2019 deposition that she was the only one to set

employees' work schedules. (D.E. 46-6, Page 3). In response to interrogatories, Plaintiff Charles Lybarger stated he received cash payments for overtime pay from Defendant Sopheak Otero. (D.E. 87-4, Page 7). There is no evidence in the record that Defendant Karowski supervised or controlled work schedules or conditions of employment or determined the rate and method of payment. Accordingly, these factors also weigh against Defendant Karowski being Plaintiffs' employer.

### C. Maintained Employment Records

Plaintiffs assert Defendant Karowski assisted in the installation and maintenance of both the QuickBook and ShopKeep accounting and finance software systems for use by both herself and the Otero defendants. Defendant Karowski does not deny she both accessed and utilized these systems while performing bookkeeping work for Exxizz, although she also avers she did not maintain or create any employment records. (D.E. 46-2, Page 3 and D.E. 87-6, Pages 6, 9-13, 15, 19-20, 25-27). While it is not entirely clear to the undersigned as to all of the information stored in these systems, it appears these systems were used to maintain at least some of Plaintiffs' employment records including how much their paychecks were and the hours they worked. Therefore, the undersigned recommends there is a genuine issue of material fact as to whether Defendant Karowski maintained Plaintiffs' employment records.

## VI. CONCLUSION

The undersigned recommends Defendant Karowski has established the absence of a genuine issue of material fact that she did not exert operational control as to the first three economic reality factors. Plaintiffs' response and summary judgment evidence is less than

compelling and they entirely fail to raise a fact issue as to the first three elements. There is a genuine issue of material fact as to whether Defendant Karowski maintained employment records. However, the undersigned recommends this is insufficient to defeat summary judgment in this case. *Seong Song v. JFE Franchising, Inc.*, 394 F.Supp.3d 748, 756 (S.D. Tex. 2019) (Joint employer determinations must be based upon the totality of each situation). Defendant Karowski's status as a 2.5% owner of Exxizz and bookkeeper, without any evidence of operational control other than her maintaining employment records for use in her work as a bookkeeper, is insufficient to demonstrate she was Plaintiffs' joint employer. Similar to *Gray*, the undersigned recommends Defendant Karowski was not sufficiently involved in the operation of the restaurant to be considered an employer. *Gray*, 673 F.3d at 357-58. For the reasons stated above, the undersigned recommends Defendants' Motion be **GRANTED**. (D.E. 46).

    ORDERED this 29th day of July, 2020.

                                               Jason B. Libby
                                  United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).