Case 2:19-cv-00132   Document 98   Filed on 10/06/20 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
October 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RENEE RAMOS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-132 |
| § | |
| EXXIZZ FOODS, INC.; dba ROCKPORT § | |
| DONUTS, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Rene Ramos, on behalf of himself and others similarly situated ("Plaintiffs"), filed suit against Defendants Exxizz Foods, Inc., operating as Rockport Donuts; Matthew Otero; Sopheak Otero; and Cathy Karowski, alleging violations of the Fair Labor Standards Act ("FLSA") for failing to pay federally mandated minimum and overtime wages. D.E. 1, D.E. 38.  Karowski filed her Motion for Partial Summary Judgment arguing that she is not an employer under the FLSA. D.E. 46.  On July 29, 2020, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation ("M&R"), recommending that this Court grant Karowski's motion. D.E. 94.  Now before this Court are Plaintiffs' objections to the M&R. D.E. 95.  Karowski filed a response (D.E. 96) and Plaintiffs filed a reply (D.E. 97).  For the reasons discussed below, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS** the findings and conclusions in the M&R.

## BACKGROUND

Matthew and Sopheak Otero are married and have owned and operated Rockport Donuts since 2012. D.E. 38 p. 5, D.E. 43 p. 3. On February 4, 2013, the Oteros formed Exxizz Foods, as equal owners, to operate Rockport Donuts. D.E. 38 p. 4, D.E. 43 p. 3. In 2015, they sold 2.5 percent of Exxizz Foods to Cathy Karowski. D.E. 38 p. 4, D.E. 43 p. 3. At Rockport Donuts, the Oteros controlled much of the day to day operations, and Karowski worked as a part-time bookkeeper. D.E. 46-2.

On May 6, 2019, Plaintiffs, former employees of Rockport Donuts, filed suit against Exxizz Foods, Matthew Otero, and Sopheak Otero, alleging violations of the FLSA for failing to pay federal minimum and overtime wages. D.E. 1. After the Magistrate Judge granted Plaintiffs' motion for conditional class certification (D.E. 35), Plaintiffs filed an amended complaint adding Karowski to the lawsuit. D.E. 38.

## STANDARDS

**A. Magistrate Judge's Memorandum and Report**

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, the court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### B. Motion for Summary Judgment

Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) (citing *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). The nonmoving party cannot avoid summary judgment by resting on mere conclusory allegations or denials in its pleadings. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (internal quotation marks and citation omitted). The nonmoving party must set forth specific facts showing the existence of a genuine issue of material fact. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). However, the evidence must be viewed, and all justifiable inferences drawn, in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## DISCUSSION

In Plaintiffs' objections, they argue that the Magistrate Judge ignored the compromised credibility of Karowski, erred in relying on certain affidavit and deposition testimony, and erred by concluding that Karowski was not an employer under the FLSA. D.E. 95.

### A. Karowski's Credibility Was Not Materially Compromised

Plaintiffs state that Karowski's credibility was impeached with regard to her role as a director of Rockport Donuts and this impeachment should preclude summary judgment. D.E. 95 p. 5–6, D.E. 97 p. 2–5. Summary judgment is inappropriate when a nonmovant adequately calls a key witness's credibility into question. *Thomas v. Great Atl. & Pac. Tea Co.*, 233 F.3d 326, 331 (5th Cir.2000); *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 81 (5th Cir.1987). "This is especially so where the affidavit alleged to be perjured is an essential element of the plaintiff's case and is not corroborated by other evidence." *Lodge Hall,* 831 F.2d at 81.

In this case, Karowski's testimony regarding her position as a director is immaterial and not an essential element of the case. In Karowski's deposition (D.E. 87-6 p. 4–5) and in her declaration (D.E. 46-2), she indicated that she was an owner of a very small percentage of Rockport Donuts and has never been a director. However, in Rockport Donuts' 2018 and 2019 franchise tax forms, Karowski was listed as a director. D.E. 87-1, 87-2. While a contradiction exists, Plaintiffs have offered no evidence that Karowski knew that she had been listed as a director or performed any duties as a director. More importantly, the contradiction is immaterial.

The Fifth Circuit employs the economic reality test to determine whether an individual qualifies as an employer under the FLSA. *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). Karowski's title as director plays no role under the economic reality test and is not an essential element of this case. *Id*. at 357; *see also O'Neal v. Cazes*, 257 F. App'x 710, 714–15 (5th Cir. 2007) (indicating that minor inconsistencies do not cast

sufficient doubts on a defendant's version of events, especially when no contradicting evidence is offered). Plaintiffs' suggestion that Karowski held a quarter of the corporate power simply because she was one of four directors is entirely speculative, supported by no evidence, contrary to the evidence of record, and contrary to the economic reality test.

Further, other evidence corroborates Karowski's testimony with regard to her role at Rockport Donuts. Karowski testified that she did not hire or fire employees, had a limited presence at Rockport Donuts, did not control employee work schedules, and did not supervise employees. D.E. 46-1 p. 15–16, 20, D.E. 46-2. In Plaintiff Sophy Treadway's affidavit (D.E. 46-3) and deposition (D.E. 46-4), she stated that the Oteros were always at the shop, hired and fired all the employees, provided the employees with their schedules, and supervised the employees. Similarly, in Matthew Otero's deposition (D.E. 46-5 p. 3) and Sopheak Otero's deposition (D.E. 46-6 p. 3–4), both Defendants indicate that only Sopheak Otero hired and fired employees and scheduled their work. Thus, because Karowski's statements regarding whether she was a director are immaterial and not an essential element of the case, and because her testimony with regard to her minimal role at Rockport Donuts is substantiated by other evidence, the Court **OVERRULES** the first objection.

### B. The Magistrate Judge Did Not Err by Relying on Certain Affidavits and Depositions

Plaintiffs complain, for the first time in their objections, that it was improper for the Magistrate Judge to rely on certain depositions and affidavits taken in another case and taken before Karowski was made a defendant in this case. D.E. 95 p. 6, D.E. 97 p. 5–

5 / 11

6. For example, Plaintiffs object to the use of Plaintiff Sophy Treadway's March 12, 2019 affidavit which was filed in a different case prior to this FLSA case being filed. Plaintiff Treadway previously filed an FLSA action against Exxizz Foods in 2018. She voluntarily dismissed that case after joining the pending FLSA case now before the Court. Plaintiffs' objection is without merit.

Federal Rule of Civil Procedure 56 indicates that a party must support its position through "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). An affidavit or declaration must be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(e)(1).

The language of Rule 56 does not prohibit the use of affidavits or depositions obtained in other cases or obtained prior to Karowski being added as a defendant. *S.E.C. v. Rose*, No. H–04–2799, 2007 WL 7117887, at *2 (S.D. Tex. March 23, 2007) (citing *Gulf USA Corp. v. Federal Ins. Co.*, 259 F.3d 1049, 1056 (9th Cir. 2001)). Therefore, the Court **OVERRULES** the second objection.

C. **Karowski Is Not an Employer Under the FLSA**

In Plaintiffs' final objection, they assert that the Magistrate Judge erred by concluding Karowski was not an employer under the economic reality test. Specifically, they argue that genuine issues of material fact exist regarding Karowski's power to hire and fire employees and whether she determined their rate and method of payment. D.E.

6 / 11

95 p. 7–10. They also note that the Magistrate Judge found that there was a disputed issue of material fact on the issue of maintenance of employment records.

As stated above, to establish an individual's status as an employer under the FLSA, the Fifth Circuit employs the economic reality test.[1] *Gray,* 673 F.3d at 354. The test evaluates whether the defendant: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Id*. at 355 (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)). Each element need not be present in every case. *Gray*, 673 F.3d at 357.

In cases where there may be more than one employer, a court must apply the economic reality test separately to each individual or entity alleged to be an employer. *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir.1990). The reality of an individual's operational involvement in the workplace determines employer status, not their titular positions as shareholder, members, or officers. *Gray*, 673 F.3d at 357. "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Id*.

### 1. Karowski Did Not Possess the Power to Hire and Fire Employees

Plaintiffs contend that the Magistrate Judge erred by finding that Karowski did not have the power to hire or fire employees. D.E. 95 p. 8–9. They argue that Karowski

---

[1] *See Beliz v. W.H. McLeod & Sons Packing Co*., 765 F.2d 1317, 1327 (5th Cir. 1985) (whether an individual is an employer under the FLSA is a question of law).

participated in the firing of Plaintiff Treadway by alleging that Treadway stole from the company cash register. D.E. 95 p. 8. Plaintiffs' objection is without merit.

Plaintiffs failed to provide evidence regarding whether Karowski possessed the power to hire or fire employees. No evidence indicates that Karowski fired Treadway. While it is undisputed that Karowski initiated the investigation of Treadway, no evidence shows that Karowski made or participated in the ultimate decision. Karowski indicated that she merely brought the issue to Matthew and Sopheak Otero. D.E. 46-2.

The evidence indicates that the hiring and firing of employees was exercised by the Oteros, not Karowski. Thus, even viewing the evidence in the light most favorable to Plaintiffs, no reasonable jury could find that Karowski had the power to hire and fire employees at Rockport Donuts.

### 2. Karowski Did Not Supervise and Control Employee Work Schedules

No objections were raised with regard to this element. Nevertheless, this Court must review the Magistrate Judge's determination for clearly erroneous factual findings and conclusions of law. The record indicates that Karowski had limited interactions with the employees, and Sopheak Otero supervised and controlled all employee work schedules. D.E. 46-2, D.E. 46-3, D.E. 46-6, D.E. 87-5 p. 23. Because no evidence indicates that Karwoski supervised and controlled employees, the Magistrate Judge's finding on this factor of the test is not clearly erroneous.

### 3. Karowski Did Not Determine the Rate and Method of Payment

Plaintiffs further argue that the Magistrate Judge erred in finding that Karowski did not participate in determining the rate and method of payment because Karowski "had intimate knowledge of payroll amount of the donut shop, and also had knowledge of the overtime laws of the FLSA." D.E. 95 p. 9. The evidence does not support Plaintiffs' objection.

Plaintiffs failed to proffer evidence indicating that Karowski determined the rate or method of payment. While the parties do not dispute Karowski's role in implementing ShopKeep,[2] no evidence suggests she determined or controlled employee payroll. In fact, the evidence in the record indicates otherwise. As stated earlier, Karowski testified that she did not pay the employees, did not determine how much they are paid, and had only limited interactions with them. D.E. 46-1 p. 15–16, 20, D.E. 46-2. Further, in response to interrogatories, Plaintiff Charles Lybarger indicated that he received cash payments for overtime from Sopheak Otero. D.E. 87-4 p. 7. Thus, even viewing the evidence in the light most favorable to Plaintiffs, a reasonable jury could not find that Karowski determined the rate and method of payment.

### 4. Karowski Did Not Maintain Employment Records

The Magistrate Judge held that a genuine issue of material fact exists as to whether Karowski maintained Plaintiffs' employment records. D.E. 94 p. 9. Neither party

---

[2] ShopKeep is a cloud-based iPad system that tracks sales.

objected to this finding, and the Court finds no clear error regarding the Magistrate Judge's determination.[3]

### 5. Karowski Is Not an Employer Under the Economic Reality Test

Karowski presented sufficient evidence to satisfy her summary judgment burden to show that she was not an employer. The burden then shifted to Plaintiffs, who have not satisfied their burden to set forth specific facts showing the existence of a genuine issue of material fact. The evidence demonstrates that Karowski did not possess operating control over employees at Rockport Donuts. She did not fire or hire employees, had a limited presence at Rockport Donuts, did not pay the employees, did not control the rate and method of payment, and did not control or supervise the employees. Plaintiffs have failed to show any evidence to the contrary. The Court finds that Karowski was not an employer under the FLSA.

## CONCLUSION

Having reviewed the factual findings, legal conclusions, and recommendations set forth in the Magistrate Judge's M&R (D.E. 94), Plaintiffs' objections (D.E. 95), Karowski's response (D.E. 96), Plaintiffs' reply (D.E. 97), and all other relevant documents in the record, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS** the findings and conclusions in the M&R. Accordingly, this Court **GRANTS** Karowski's

---

[3] "Satisfaction of the maintenance of employment records factor alone will not lead to a finding of joint employer status." 29 C.F.R. § 791.2(a)(2).

Motion for Partial Summary Judgment (D.E. 46) and **DISMISSES** the claims against Karowski because she is not an employer as required to impose liability under the FLSA.

ORDERED this 6th day of October, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE