Case 2:19-cv-00132   Document 100   Filed on 11/30/20 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
November 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RENEE RAMOS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-132 |
| § | |
| EXXIZZ FOODS, INC.; dba ROCKPORT § | |
| DONUTS, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Charles Lybarger and Sophy Treadway opted into this action, the *Ramos* case, which is a collective action filed by Renee Ramos against Defendant Exxizz Foods, Inc., operating as Rockport Donuts, and others[1] alleging violations of the Fair Labor Standards Act (FLSA) for failing to pay federally mandated minimum and overtime wages.  D.E. 38.  Defendant filed a motion for partial summary judgment, arguing that the statute of limitations bars all of Lybarger's claim and all but six months of Treadway's claim.  D.E. 70.  United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R), recommending that the Court grant Defendant's motion.  D.E. 79.  Now before this Court are Lybarger and Treadway's (Plaintiffs') objections.  D.E. 82.  Defendant filed a response (D.E. 91) and Plaintiffs filed a reply (D.E. 92).  For the reasons discussed below, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS** the findings and conclusions in the M&R.

---

[1] Plaintiffs' claims against Defendants Sopheak Otero and Matthew Otero were dismissed in the *Treadway* action and are not at issue here.

# THE ISSUE

Despite having previously filed their own FLSA action against the Defendant (the *Treadway* case),[2] Plaintiffs opted into the *Ramos* case, a nearly identical, second-filed collective action initially prosecuted by their attorneys on behalf of another employee.[3] Plaintiffs then sought to dismiss the *Treadway* case on the eve of trial, after suffering a number of adverse rulings, including a partial summary judgment which eliminated their claim of willfulness, restricting limitations to two years. Defendant sought and obtained Plaintiff's agreement that the Court's partial summary judgment eliminating the claim of willfulness would apply in the *Ramos* action.

Plaintiffs now argue that their joinder in the *Ramos* action carried with it the filing date of the *Treadway* action so that the two-year FLSA statute of limitations covers the same time period as would have applied in the now-dismissed *Treadway* case. Plaintiffs' briefing states the following objections to the M&R's rejection of their argument:

1. The limitations decision that Plaintiffs agreed to carry over to the *Ramos* case was not just a two-year decision, but a two-year decision from the *Treadway* action's filing date and it applies as law of the case or collateral estoppel;

2. The voluntary dismissal of the *Treadway* action should not be treated as if *Treadway* had never been filed because an identical FLSA action (the *Ramos* case) was pending at the time of the dismissal of the *Treadway* case;

3. By applying the *Ramos* action's opt-in dates to the limitations decision, the M&R improperly converted the *Treadway* action's dismissal from

---

[2] *Treadway v. Otero* (*Treadway*), No. 18-cv-259, D.E. 147 (S.D. Tex. April 24, 2020).

[3] The Magistrate Judge accurately detailed the procedural development of the two cases involved here such that this Court need not recount it. Instead, the Court offers a summary of the relevant actions and incorporates the balance by reference.

> "without prejudice" to dismissal "with prejudice." This would require notice to Plaintiffs and an opportunity to withdraw the voluntary dismissal. It also provides Plaintiffs with an opportunity for appeal and the Court should permit Plaintiffs to return to the *Treadway* action to complete litigation of their claims in that case; and, alternatively,
>
> 4. The Court should apply equitable tolling and treat Plaintiffs claims in *Ramos* as having been filed on the date they were filed in *Treadway*.

The first and fourth objections are raised for the first time in the objections to the M&R. As such, they are not properly before the Court. *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) ("issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (declining to address issues raised for the first time in his objections to the magistrate judge's findings, conclusions, and recommendations). Nonetheless, the Court finds that all of the objections are meritless. For the reasons set out below, the Court OVERRULES the objections.

## I. The Limitations Decision Did Not Establish the Filing Date

The FLSA statute of limitations works backward to permit recovery for wages earned from the date the employee's claim is filed (whether as the named plaintiff filing the complaint or as an opt-in plaintiff filing a consent to be joined). 29 U.S.C. §§ 255(a), 256(a). Ordinarily, a two-year statute applies. 29 U.S.C. § 255(a). A three-year statute will apply only if plaintiffs demonstrate that the FLSA violation was willful. *Id*.

In the *Treadway* case, Defendant described the relief sought as follows: "Defendant seeks a partial summary judgment that a two-year limitations period applies here, as provided in the Fair Labor Standards Act ("FLSA"), not a three-year period as

Plaintiffs argue. *See* 29 U.S.C. §255(a). As there is no evidence of 'willfulness,' the two-year limitations period governs this case." *Treadway*, D.E. 120 (Defendant's Motion for Partial Summary Judgment). There is only one reference in the motion to the dates for which a claim would survive: "In this Motion, Defendant demonstrates that without question the two-year limitations period applies, and thus, if any overtime is owed (which is disputed), it would be only for the time period of August 2016 to August 2018." D.E. 120, p. 3. This statement is merely an observation of how an FLSA two-year statute would apply in that case, given the filing date.

The motion did not seek the Court's determination of the dates for which the claim would survive. And the Court's analysis did not include such dates. The M&R recommended granting the motion, concluding "Plaintiff has failed to introduce evidence sufficient to raise a genuine dispute of material fact regarding willfulness and a two-year statute of limitations should apply." *Treadway*, D.E. 133, p. 7. This Court's Order Adopting M&R made the findings and conclusions of the M&R those of the Court without alteration. *Treadway*, D.E. 134. Therefore, there is no affirmative finding in the *Treadway* summary judgment proceedings regarding the dates for which the claim may be prosecuted. And the *Treadway's* dismissal proceedings added no such finding or condition.

Plaintiffs opted into the *Ramos* case on February 14, 2020. D.E. 57-1 (Lybarger), 58-1 (Treadway). This was after the issuance of the limitations M&R on January 29, 2020, but before this Court granted the partial summary judgment (without objections) in *Treadway* on February 18, 2020. *Treadway*, D.E. 133, 134. And the *Ramos* opt-ins were

filed before the March 16, 2020 opposed motion seeking to nonsuit *Treadway*. *Treadway*, D.E. 135. Thus, Plaintiffs had decided to dismiss *Treadway* in favor of *Ramos* well before the Court considered imposing any conditions on the voluntary dismissal of the *Treadway* case. As the M&R now before the Court observes, had the Court granted the nonsuit as originally requested without conditions, limitations on Plaintiffs' claims in the *Ramos* case would have applied from the opt-in dates pursuant to statute just as is the case with the conditions. D.E. 79, p. 8; 29 U.S.C. § 256(a).

The requested conditions did not alter the limitations determination. To avoid the prejudice of having incurred fees and expenses in litigating *Treadway* for 19 months, Defendant requested conditions, in relevant part, stated as: "That limitations as to Plaintiffs Treadway's and Lybarger's claims be limited to two (2) years, as determined on summary judgment ruling (DE 133-134)." *Treadway*, D.E. 136, p. 3. Nothing in Defendant's request, Plaintiffs' response, the M&R, or this Court's adoption of the M&R addressed the dates that would be included in that two-year time span. *Treadway*, D.E. 140, 144, 146. Plaintiffs agreed to the condition as formulated, determining a two-year statute without mention of the dates to which the two years would apply. *Treadway*, D.E. 145.

The Court OVERRULES Plaintiffs' first objection, finding that neither the summary judgment proceedings nor the conditional dismissal in the *Treadway* case amounted to a decision that Plaintiffs were entitled to recover for two years calculated from the filing date of the *Treadway* case. Therefore, even if collateral estoppel or the law of the case doctrine could apply across these actions—issues that the Court need not

and does not reach—there is no determination that would be carried over from the *Treadway* case to Plaintiffs' benefit in the *Ramos* case.

## II.     The Dismissed Action is Inconsequential

Plaintiffs acknowledge the well-settled rule that if a plaintiff voluntarily dismisses a case, the proceedings in that case are a nullity. Any effort to prosecute the same claims in a new case are determined as if the first case had never been filed. *Ford v. Sharp*, 758 F.2d 1018, 1023-24 (5th Cir. 1985). However, Plaintiffs seek to alter this rule on the basis that their second prosecution had already been filed before they sought dismissal of the first. This argument is without benefit of authority or legal analysis. The Court finds it to be meritless and OVERRULES the second objection.

## III.    The Limitations Decision Does Not Create a Dismissal with Prejudice

The opt-in date determines the *Ramos* two-year limitations calculation. 29 U.S.C. § 256(a). This date was not addressed or affected by the conditions on the *Treadway* dismissal. Nonetheless, Plaintiffs contend that the limitations calculation in *Ramos* effectively makes the *Treadway* dismissal a dismissal with prejudice, rather than the intended dismissal without prejudice. Citing *Ford*, Plaintiffs argue that the *Treadway* dismissal should be treated as if it had not happened.

*Ford* is a very different case from this one and does not alter the general rule for treatment of limitations where the first case is abandoned. First, the dismissal in *Ford* was involuntary—for want of prosecution. 758 F.2d at 1021. Here, Plaintiffs' dismissal was voluntary. In *Ford*, the plaintiff obtained an order reinstating the case through a motion filed under Federal Rule of Civil Procedure 60(b) within the time for appeal.

Here, Plaintiffs abandoned the *Treadway* case in favor of proceeding in the *Ramos* case. The Fifth Circuit used the original filing date to calculate limitations in *Ford* because the parties were still litigating that case and the plaintiff made no decision to proceed in a separate case.

Citing a number of other cases,[4] Plaintiffs argue that such a prejudicial dismissal entitled Plaintiffs to notice and an opportunity to object in *Treadway* and perhaps appeal the *Treadway* dismissal. This objection fails to address the fact that Plaintiffs had notice of the requested condition on their dismissal in *Treadway* before it was imposed. They had—and took advantage of—an opportunity to object. *Treadway*, D.E. 136, 140. And in the final analysis, they agreed to accept the conditions and requested that the Court grant the dismissal subject to the conditions as recommended in the M&R. *Treadway*, D.E. 145.

Moreover, the objection fails to demonstrate harm in the *Ramos* case. As already observed, the same result would obtain in *Ramos* with or without the *Treadway* conditions. D.E. 79, p. 8. The only difference is that, without the conditions applied to the *Treadway* dismissal, Defendant would likely be entitled to some compensation from Plaintiffs for the prejudice presented by having to litigate the same claims twice with no expectation of different results.

---

[4] D.E. 82, pp. 9-15. Plaintiffs' cases address the inapposite situation in which a dismissal is stated to be without prejudice and is imposed on a plaintiff involuntarily and/or as a sanction. If it actually works a prejudice, then the plaintiff may appeal it as a final judgment and obtain review as if it had been stated to be with prejudice. *See generally*, *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) (involuntary imposition of conditions of dismissal); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981) (involuntary dismissal as a sanction); *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981) (involuntary dismissal for want of prosecution and refusal to reinstate); *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) (involuntary dismissal for want of prosecution and sanction for failure to follow order of the court). This rule has no application to a voluntary dismissal on conditions to which Plaintiffs agreed.

Plaintiffs' argument is an improper collateral attack on the *Treadway* decision. Any prejudice to Plaintiffs' claims comes from their decision to dismiss *Treadway* and opt-in to *Ramos*, not from the conditions imposed in *Treadway*. Plaintiffs' failure to appreciate the consequences of the dismissal does not prevent this Court from applying the *Treadway* ruling to the *Ramos* claims. Plaintiffs' third objection is OVERRULED.

## IV.  Equitable Tolling is Not Applicable

Plaintiffs argue that equitable tolling is available in FLSA cases. D.E. 82, p. 15. Relief offered by equitable tolling is intended to offset adverse consequences resulting from an opponent's fraud or other circumstances over which the requesting party had no control. *E.g., Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). And it is granted to defeat a limitations bar only when the plaintiff has acted diligently and the delay concerns extraordinary circumstances. *Shidler v. Alarm Sec. Group, LLC*, 919 F. Supp. 2d 827, 830 (S.D. Tex. 2012). Neither is the case here.

The limitations decision of which Plaintiffs complain is a combination of their failure to produce evidence of willfulness and their voluntary decision to abandon the *Treadway* case in favor of the *Ramos* case. While they claim that the reason for their decision was for judicial economy, the decision was their own. They have not identified any wrongdoing by Defendant that impaired their ability to protect their rights.

Equitable tolling is not imposed so as to relieve a party from the consequences of its own voluntary decisions. The Court OVERRULES Plaintiffs' fourth objection.

## CONCLUSION

Having reviewed the factual findings, legal conclusions, and recommendations set forth in the Magistrate Judge's M&R (D.E. 79), Plaintiffs' objections (D.E. 82), Defendant's response (D.E. 91), Plaintiffs' reply (D.E. 92), and all other relevant documents in the record, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS** the findings and conclusions in the M&R.  Accordingly, this Court **GRANTS** Defendant's Motion for Partial Summary Judgment (D.E. 70).

ORDERED this 30th day of November, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE