UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RENEE RAMOS, and all others similarly situated under 29 U.S.C. § 216(b), § § § | |
| Plaintiffs § | |
| v. § | CIVIL ACTION NO. 2:19-cv-00132 |
| § | |
| EXXIZZ FOODS, INC., D.B.A ROCKPORT DONUTS, MATTHEW OTERO, and SOPHEAK OTERO, § § § | |
| Defendants § | |

**PLAINTIFF CHARLES LYBARGER'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiff Charles Lybarger ("Plaintiff") files this Motion asking the Court to enter judgment on his claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216, as authorized by Federal Rule of Civil Procedure 58, so that he may appeal the Court's decision described in its Order affirming Summary Judgment (DE100). In support thereof, Plaintiff would show the Court:

### A. BACKGROUND

1. Plaintiff Charles Lybarger filed suit under the FLSA against Exxizz Foods, Inc., Matthew Otero and Sopheak Otero. Plaintiff initially joined a suit originally filed by class Plaintiff Sophy Treadway in the Southern District under case no 2:18-cv-00259, asserting claims under the FLSA. Later, another employee of the defendants, Renee Ramos, filed this suit against the same defendants, also asserting claims under the FLSA. Mr. Ramos moved to certify a class of similarly situated employees under the FLSA. The Court granted conditional certification. Mr. Lybarger joined in the class in this suit on February 14, 2020.

2. When case 2:18-cv-00259 came up for a trial setting under the scheduling order, Plaintiffs voluntarily dismissed their claims against defendant Exxizz Foods in that

case, continuing their identical claims in the current case. This dismissal was subject to certain conditions insisted upon by the defendants, and imposed by the Court as conditions of granting the dismissal. The conditions included: 1) That limitations as to Plaintiffs Treadway and Lybarger's claims in 2:19cv-132 be limited to two (2) years as previously determined by this Court; 2) That neither Sopheak or Matthew Otero be subjected to personal liability as to Plaintiffs Treadway and Lybarger's claims in 2:19-cv-132 as previously determined by this Court; 3) That discovery completed not be redone, except as to specific issues and individuals raised in 2:19-cv-132; 4) That all current defenses against Plaintiffs Treadway and Lybarger's claims be permitted in 2:19-cv-132; 5) That all costs of this action be carried to 2:19-cv-132. Plaintiffs agreed to the conditions imposed by the Court and the case was dismissed.

3. Defendants filed a motion for summary judgment on the basis of limitations, asserting that by voluntarily dismissing his claims in the first suit Mr. Lybarger is precluded from asserting any claims in this case, due to a limitations defense. The court agreed, granting defendants' motion for summary judgment on Plaintiff Charles Lybarger's claims in their entirety.

4. Mr. Lybarger seeks entry of a final judgment as to his claims against the defendants, together with a certification from the Court under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay of the entry of final judgment as to Mr. Lybarger's claims under the FLSA against the defendants. Plaintiff's case against the defendants is ruled in favor of the defendants. Mr. Lybarger wishes to appeal the Court's adverse decision to a higher Court. Furthermore, Mr. Lybarger's claims being fully disposed,

yet not appealable results in Mr. Lybarger having to wait for a full disposition of his case, as there is currently no final judgement from which to appeal. While the Court still has yet to dispose of all the claims of Ms. Treadway or Mr. Ramos, the judgement against Mr. Lybarger does not dispose of all parties or claims. Because the order affirming the Magistrate Judge's Memorandum and Recommendation judgement is not on its face a final judgement, Mr. Lybarger is denied the justice he seeks. While the Court may eventually rule on the remaining issues and resolve all the claims and parties, Mr. Lybarger's claims are unique to him. Should the remaining plaintiff's prevail at trial, Mr. Lybarger will still be forced to appeal his claims, as he seeks to do now. This delay of justice only works to Mr. Lybarger's detriment, as his issue is unique. No other Plaintiff has the issue of limitations disposing of their entire claim. Plus, as the decision will be decided on those facts already before the Court, no duplication of Court's resources will be required should Mr. Lybarger prevail on appeal. Should the unlikely occur and Mr. Lybarger lose on appeal, then the doctrines of collateral estoppel and res judicata will apply to any remaining parties claims on the same facts, given that those facts are fixed. Therefore, no reason exists for the Court to delay a final judgment in favor of the defendants over Mr. Lybarger.

### Argument and Authorities

5. To be final and appealable, most judgements must be set out in a separate document. See FRCP 58a, *Whitaker v. City of Houston*, 963 F.2d 831, 833 (5th Cir. 1992). The judgment should be a self contained document stating who has won and what relief has been awarded, omitting the reasons for the disposition, which should only appear in the court's opinion. *Whitaker* at 833. In this case, the Courts "Order of Motion for Partial Summary

Judgement" (DE 100) is not a stand alone document, which disposes of all issues and all parties, thereby rendering a final judgment from which Mr. Lybarger may appeal. See *Tetra Techs. v. Continental Ins.,* 755 F.3d 222, 230 (5th Cir. 2014). In this case the order disposes of Mr. Lybarger's claims, but also discusses Ms. Treadway's claims, dismissing them in part, and denying the dismissal in part. Because the Order (DE 100) involves multiple parties and their claims against the defendants, the order does not satisfy the requirements of FRCP 54(b), which states:

> "…Otherwise, and order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and responsibilities."

6. Fed. R. Civ. Pro 54(b) also allows the court to direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay. In this case there is no just reason for delaying Mr. Lybarger from pursuing his claims against the defendants. Mr. Lybarger's claims are sitting in a status wherein he has a single issue for appeal which is unique to Mr. Lybarger; the legal grounds for denying his claims will need to be and will be appealed even if the other plaintiffs prevail on their claims. Mr. Lybarger's claims when decided will allow the Court to proceed more smoothly in its litigation in this case, and will not greatly interfere with the current litigation as situated. Currently, this case is set for trial on February 16, 2021; however, in light of the Court's supplemental Order C-2020-25, Mr. Lybarger is almost certainly to have resolution of the remaining claims delayed until a much later date, given the Court's busy docket and the current prohibition on jury trials until at least February 1,

2021. Although this delay in the trial is unavoidable, it should not delay the progress of Mr. Lybarger's case, and the unique issue on which his claims turn.

## Prayer

For the reasons set forth above, Plaintiff Charles Lybarger asks the Court to enter a judgment as to his claims alone and certify pursuant to Fed. R. Civ. Pro. 54(b) that there is no just reason to delay of said entry, and for such other relief to which he shows himself entitled.

DATED:   January 4, 2021

<div style="margin-left:40%">

Respectfully submitted,
SIEGEL, YUEN, & HONORE, PLLC
/s/   *Byron Hamilton*
Xenos Yuen, Esq.
State Bar of Texas No.: 22232550
Email:  litxy@syhpllc.com
Byron Hamilton,
State Bar of Texas No.: 00787633
Email: litbh@syhpllc.com
6100 Corporate Drive, Suite 580
Houston, Texas 77036
Phone: 713-541-6256
Fax: 713-541-9409
**ATTORNEYS FOR PLAINTIFFS**

</div>

## CERTIFICATE OF CONFERENCE

I hereby certify that I discussed this issue with opposing counsel Andrea Johnson, who informed me that the Defendants are OPPOSED to this motion.

<div style="margin-left:50%">

/s/   *Byron Hamilton*
Byron Hamilton

</div>

## **CERTIFICATE OF SERVICE**

      I certify that on January 4, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                      /s/   *Byron Hamilton*
                                      Byron Hamilton