UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RENEE RAMOS, *et al*, § § § Plaintiffs, § VS. § EXXIZZ FOODS, INC.; dba ROCKPORT DONUTS, *et al*, § § § § Defendants. § | CIVIL ACTION NO. 2:19-CV-00132 |

**ORDER AFFIRMING DENIAL OF**
**RULE 54(b) PARTIAL FINAL JUDGMENT**

Before the Court is "Plaintiff's Objections to Magistrate Judge's Order Denying Motion for Final Judgment" (D.E. 106). Plaintiff Charles Lybarger seeks a certification of the order dismissing his claim as barred by the statute of limitations as a partial final judgment under Federal Rule of Civil Procedure 54(b) so that he may appeal it with the expectation that the appeal will be successful and will make him eligible to participate in the trial of this case, currently set for July 19, 2021. Scheduling Order, D.E. 102. He states that while the order on the statute of limitations also barred a portion of Plaintiff Sophy Treadway's claims, her loss of damages due to the limitations decision may be offset by other claims unique to her circumstances, thus justifying a separate appeal exclusively on his own behalf.

Lybarger begins by reciting the wrong standard of review. He suggests that this Court may determine the matter de novo, citing *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000). De novo review only applies to the question of whether the Court has jurisdiction to certify a partial final judgment because the order disposes of

a party or an independent claim. *Id*. There is no question that Lybarger is an independent party whose claims, in their entirety, have been dismissed. D.E. 79, 100. Thus, the Court has jurisdiction to certify a Rule 54(b) partial final judgment allowing his appeal—but only if, as the rule requires, the Court determines that there is no just reason for delay.

The question whether there is no just reason for delay, which encompasses issues of equity and judicial resources, is a matter of discretion. *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002). The Magistrate Judge set out in his order the reasons for his determination that those issues counseled against certifying the order as a partial final judgment. D.E. 105. Rather than show error in any of those reasons, Lybarger complains that the Magistrate Judge incorrectly assumed that he did not need the money that might come from a judgment for damages. But no such assumption was made. Instead, the Magistrate Judge correctly noted that, if time was of the essence, Lybarger had an opportunity to try his claims long ago, but chose instead to voluntarily dismiss his previous case on the eve of trial.

Because Lybarger has failed to demonstrate that the Magistrate Judge's order (D.E. 105) represents an abuse of discretion and because this Court adopts the Magistrate Judge's reasoning as a proper disposition of Lybarger's motion for partial final judgment (D.E. 101), the Court AFFIRMS the Magistrate Judge's decision and the motion (D.E. 101) is DENIED.

ORDERED this 4th day of March, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE